MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

HERMENEGILDO   ALVAREZ   (A.K.A.
HERMEN) and LEONEL DE LOS SANTOS,
*individually and on behalf of others similarly
situated,*

<i>Plaintiffs</i>,

-against-

RELAY DELIVERY INC.  (D/B/A RELAY),
ALEX BLUM, and MICHAEL J CHEVETT,

<i>Defendants.</i>

--------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**


**ECF Case**

Plaintiffs Hermenegildo Alvarez (a.k.a. Hermen) and Leonel De Los Santos, individually

and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their

attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against

Relay Delivery Inc. (d/b/a Relay), ("Defendant Corporation"), Alex Blum and Michael J Chevett,

("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiffs are former employees of Defendants Relay Delivery Inc. (d/b/a Relay),

Alex Blum, and Michael J Chevett.

2.       Defendants own, operate, or control a delivery platform, located at 399 South 5th

Street #2, Brooklyn, NY 11211 under the name "Relay".

3.     Upon information and belief, individual Defendants Alex Blum and Michael J Chevett, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the delivery platform as a joint or unified enterprise.

4.     Plaintiffs were employed by Defendants to make deliveries for restaurants located primarily in Manhattan.

5.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.     Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.     At all relevant times, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

10.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

11.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without

providing the minimum wage and overtime compensation required by federal and state law and regulations.

13. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, until very recently, Defendants maintain their corporate headquarters and offices within this district and until recently Defendants operate a delivery services company located in this district. Further, Plaintiffs were employed by Defendants in this district and performed their duties in this district.

## PARTIES

*Plaintiffs*

17.    Plaintiff Hermenegildo Alvarez (a.k.a. Hermen) ("Plaintiff Alvarez" or "Mr. Alvarez") is an adult individual residing in Bronx County, New York.

18.    Plaintiff Alvarez was employed by Defendants at Relay from approximately December 2016 until on or about July 25, 2018 and then from approximately September 25, 2018 until on or about October 11, 2018.

19.    Plaintiff Leonel De Los Santos ("Plaintiff De Los Santos" or "Mr. De Los Santos") is an adult individual residing in Bronx County, New York.

20.    Plaintiff De Los Santos was employed by Defendants at Relay from approximately May 2016 until on or about March 2017 and then from approximately September 2017 until on or about February 2018.

*Defendants*

21.    At all relevant times, Defendants owned, operated, or controlled a delivery services company, located at 399 South 5th Street #2, Brooklyn, NY 11211 under the name "Relay".

22.    Upon information and belief, Relay Delivery Inc. (d/b/a Relay) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 399 South 5th Street #2, Brooklyn, NY 11211.

23.    Defendant Alex Blum is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Blum is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alex Blum possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the

wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Michael J Chevett is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael J Chevett is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael J Chevett possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate a delivery services company located in the Williamsburg neighborhood of Brooklyn in New York City.

26.    Individual Defendants, Alex Blum and Michael J Chevett, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendants Alex Blum and Michael J Chevett operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

  d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

  e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

  f)  intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full

liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiffs' employers within the meaning of

the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs,

controlled the terms and conditions of employment, and determined the rate and method of any

compensation in exchange for Plaintiffs' services.

33. In each year from 2016 to 2018, Defendants, both separately and jointly, had a gross

annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that

are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were

directly engaged in interstate commerce. As an example, numerous items that were used in the

delivery services company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35. Plaintiffs are former employees of Defendants who were employed as delivery

workers.

36. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C.

216(b).

*Plaintiff Hermenegildo Alvarez (a.k.a. Hermen)*

37. Plaintiff Alvarez was employed by Defendants from approximately December 2016

until on or about July 25, 2018 and then from approximately September 25, 2018 until on or about

October 11, 2018.

38. Defendants ostensibly employed Plaintiff Alvarez as a delivery worker.

39.    Plaintiff Alvarez regularly handled goods in interstate commerce, such as cheeses, condiments and other supplies produced outside the State of New York.

40.    Plaintiff Alvarez's work duties required neither discretion nor independent judgment.

41.    From approximately September 2018, Plaintiff Alvarez regularly worked in excess of 40 hours per week.

42.    From approximately December 2016 until on or about December 2017, Plaintiff Alvarez worked from approximately 11:00 a.m. until on or about 3:00 p.m., 4 days a week (typically 16 hours per week).

43.    From approximately January 2018 until on or about June 25, 2018, Plaintiff Alvarez worked from approximately 5:00 p.m. until on or about 10:00 p.m., 4 days a week (typically 20 hours per week).

44.    From approximately June 25, 2018 until on or about July 25, 2018, Plaintiff Alvarez worked from approximately 4:00 p.m. until on or about 10:00 p.m., 4 days a week (typically 24 hours per week).

45.    From approximately September 25, 2018 until on or about October 11, 2018, Plaintiff Alvarez worked from approximately 3:00 p.m. until on or about 10:00 p.m. to 11:00 p.m., 4 days a week and from approximately 9:00 a.m. until on or about 5:30 p.m. to 6:00 p.m., on Sundays (typically 36.5 to 41 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Alvarez his wages by direct deposit.

47.    From approximately December 2016 until on or about December 2017, Defendants paid Plaintiff Alvarez $7.50 per hour.

48.     From approximately January 2018 until on or about October 11, 2018, Defendants paid Plaintiff Alvarez $9.80 per hour.

49.     Defendants failed to pay Plaintiff Alvarez the wages he was owed for his work; specifically, Defendants owe Plaintiff Alvarez $500 for his last week of work.

50.     Defendants never granted Plaintiff Alvarez any breaks or meal periods of any kind.

51.     Plaintiff Alvarez was never notified by Defendants that his tips were being included as an offset for wages.

52.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Alvarez's wages.

53.     On a number of occasions, Defendants required Plaintiff Alvarez to sign a document, the content of which he was not allowed to review in detail.

54.     Defendants did not provide Plaintiff Alvarez an accurate statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Alvarez, in English and in Spanish (a language Plaintiff Alvarez is comfortable with), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants required Plaintiff Alvarez to purchase "tools of the trade" with his own funds—including a vest, a helmet, two delivery bags and bicycle maintenance.

*Plaintiff Leonel De Los Santos*

57.     Plaintiff De Los Santos was employed by Defendants from approximately May 2016 until on or about March 2017 and then from approximately September 2017 until on or about February 2018.

58.     Defendants ostensibly employed Plaintiff De Los Santos as a delivery worker.

59.     Plaintiff De Los Santos regularly handled goods in interstate commerce, such as cheeses, condiments and other supplies produced outside the State of New York.

60.     Plaintiff De Los Santos's work duties required neither discretion nor independent judgment.

61.     Throughout his employment with Defendants, Plaintiff De Los Santos regularly worked in excess of 40 hours per week.

62.     From approximately May 2016 until on or about March 2017, Plaintiff De Los Santos worked from approximately 11:00 a.m. until on or about 10:00 p.m., 5 days a week (typically 55 hours per week).

63.     Throughout the month of September 2017, Plaintiff De Los Santos worked from approximately 11:00 a.m. until on or about 1:00 a.m., 1 day a week, from approximately 9:00 a.m. until on or about 11:00 p.m., 2 days a week, and from approximately 11:00 a.m. until on or about 10:00 p.m., 3 days a week (typically 75 hours per week).

64.     From approximately October 2017 until on or about February 2018, Plaintiff De Los Santos worked from approximately 9:00 a.m. until on or about 11:00 p.m., 2 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., 3 days a week (typically 61 hours per week).

65.     Throughout his employment, Defendants paid Plaintiff De Los Santos his wages by direct deposit.

66.     From approximately May 2016 until on or about December 2016, Defendants paid Plaintiff De Los Santos $7.00 per hour.

67.    From approximately January 2017 until on or about March 2017 and then from approximately September 2017 until on or about December 2017, Defendants paid Plaintiff De Los Santos $7.50 per hour.

68.    From approximately January 2018 until on or about February 2018, Defendants paid Plaintiff De Los Santos $9.80 per hour.

69.    Although Defendants granted Plaintiff De Los Santos breaks or meal periods, they were usually interrupted and he was required to work during those breaks.

70.    Plaintiff De Los Santos was never notified by Defendants that his tips were being included as an offset for wages.

71.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff De Los Santos's wages.

72.    Defendants withheld a portion of Plaintiff De Los Santos's tips; specifically, Defendants pocketed tips customers wrote him for big deliveries.

73.    At the beginning of his employment, Defendants required Plaintiff De Los Santos to sign a document, the contents of which he was not allowed to review in detail and which was written in English.

74.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff De Los Santos regarding overtime and wages under the FLSA and NYLL.

75.    Defendants did not provide Plaintiff De Los Santos an accurate statement of wages, as required by NYLL 195(3).

76.    Furthermore, on at least two occasions, Defendants adjusted Plaintiff De Los Santos's paystubs so that they reflected inaccurate wages and hours worked.

77.     Defendants did not give any notice to Plaintiff De Los Santos, in English and in Spanish (Plaintiff De Los Santos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.     Defendants required Plaintiff De Los Santos to purchase "tools of the trade" with his own funds—including two bicycles, two delivery bags and monthly expenses for maintenance and repairs of the bicycles.

*Defendants' General Employment Practices*

79.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

80.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

81.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

82.     Plaintiffs and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

83.     In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

84.     Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

85.     Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

86.     Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received.

87.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

88.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

89.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

90.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

91.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

92.     Defendants' time keeping system did not always reflect the actual hours that Plaintiff De Los Santos worked.

93.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

94.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

95.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

96.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

97.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

98.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees'

primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

99.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

100.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

101.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

104.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106.  Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

107.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

115.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

116.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

121.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

124.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language or a language that Plaintiffs are comfortable with), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

128.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

131.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs,

further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

134.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

137.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

138.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

139.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

140.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

141. Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

142. Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount

equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay

shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

  (q)  Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

  (r)  Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

  (s)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (t)  All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
   October 24, 2018

       MICHAEL FAILLACE & ASSOCIATES, P.C.

    By:   /s/ Michael Faillace
      Michael Faillace [MF-8436]
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      Telephone: (212) 317-1200
      Facsimile: (212) 317-1620
      *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 22, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Leonel De Los Santos

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    22 de Octubre,  2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 15, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:             Hermenegildo aka Hermen Alvarez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              15 de Octubre 2018

*Certified as a minority-owned business in the State of New York*