UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERMENEGILDO ALVAREZ (a.k.a. HERMEN) and LEONEL DE LOS SANTOS, *individually and on behalf of others similarly situated*,

       Plaintiffs,

-against-

RELAY DELIVERY INC. (d/b/a RELAY), ALEX BLUM, and MICHAEL J. CHEVETT,

       Defendants.

Case No. 1:18-cv-09822-PAE-SN

**ANSWER**

---

Defendants RELAY DELIVERY, INC., ALEX BLUM, and MICHAEL J. CHEVETT, as and for their Answer to the Complaint filed by Plaintiffs HERMENEGILDO ALVAREZ and LEONEL DE LOS SANTOS, state and allege as follows:

## NATURE OF ACTION

1. Deny allegations in Paragraph 1 of the Complaint.

2. Deny allegations in Paragraph 2 of the Complaint, except admit that Defendant Relay operates a technology platform.

3. Deny allegations in Paragraph 2 of the Complaint, except admit that Defendants Blum and Chevett serve as shareholders and officers of Defendant Relay.

4. Deny allegations in Paragraph 4 of the Complaint.

5. Deny allegations in Paragraph 5 of the Complaint.

6. Deny allegations in Paragraph 6 of the Complaint.

7. Deny allegations in Paragraph 7 of the Complaint.

8. Deny allegations in Paragraph 8 of the Complaint.

9. Deny allegations in Paragraph 9 of the Complaint.

10. Deny allegations in Paragraph 10 of the Complaint.

11. Deny allegations in Paragraph 11 of the Complaint.

12. Deny allegations in Paragraph 12 of the Complaint.

13. Deny allegations in Paragraph 13 of the Complaint, except admit that Plaintiffs purport to bring the action as stated.

14. Deny allegations in Paragraph 14 of the Complaint, except admit that Plaintiffs purport to bring the action as stated.

## JURISDICTION

15. Deny allegations in Paragraph 15 of the Complaint, and affirmatively state that Plaintiffs are precluded from litigating their claims in this Court because they signed an enforceable agreement to arbitrate their claims.[1]

16. Deny allegations in Paragraph 16 of the Complaint, and affirmatively state that Plaintiffs are precluded from litigating their claims in this Court because they signed an enforceable agreement to arbitrate their claims.

## PARTIES

*Plaintiffs*

17. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint.

18. Deny allegations in Paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint.

20. Deny allegations in Paragraph 20 of the Complaint.

*Defendants*

21. Deny the allegations in Paragraph 21 of the Complaint, except admit that Defendant Relay operates a company under the name "Relay."

22. Deny the allegations in Paragraph 22 of the Complaint.

23. Deny the allegations in Paragraph 23 of the Complaint, except admit that Plaintiffs purport to sue Defendant Blum – a shareholder and officer of Defendant Relay – in his individual capacity.

24. Deny the allegations in Paragraph 24 of the Complaint, except admit that Plaintiffs purport to sue Defendant Chevett – a shareholder and officer of Defendant Relay – in his individual capacity.

## FACTUAL ALLEGATIONS

*Defendants (Allegedly) Constitute Joint Employers*

25. Deny the allegations in Paragraph 25 of the Complaint.

26. Deny the allegations in Paragraph 26 of the Complaint, except admit that Defendants Blum and Chevett are shareholders and officers of Defendant Relay.

27. Deny the allegations in Paragraph 27 of the Complaint.

28. Deny the allegations in Paragraph 28 of the Complaint.

29. Deny the allegations in Paragraph 29 of the Complaint.

30. Deny the allegations in Paragraph 30 of the Complaint.

31. Deny the allegations in Paragraph 31 of the Complaint, including subparts (a) through (h).

---

(continued)
[1] Defendants intend to make a motion to compel arbitration before the start of discovery if Plaintiffs do not voluntarily dismiss and/or stay this Action while arbitration is pending.

32. Deny the allegations in Paragraph 32 of the Complaint.

33. Deny the allegations in Paragraph 33 of the Complaint.

34. Deny the allegations in Paragraph 34 of the Complaint, except admit that Defendant Relay engaged in interstate commerce, but deny that it is involved in the interstate transportation of goods.

*Individual Plaintiffs*

35. Deny the allegations in Paragraph 35 of the Complaint.

36. Deny the allegations in Paragraph 36 of the Complaint, except admit that Plaintiffs purport to bring the action as stated.

*Plaintiff Hermenegildo Alvarez (a.k.a. Hermen)*

37. Deny the allegations in Paragraph 37 of the Complaint.

38. Deny the allegations in Paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint.

40. Deny the allegations in Paragraph 40 of the Complaint.

41. Deny the allegations in Paragraph 41 of the Complaint.

42. Deny the allegations in Paragraph 42 of the Complaint.

43. Deny the allegations in Paragraph 43 of the Complaint.

44. Deny the allegations in Paragraph 44 of the Complaint.

45. Deny the allegations in Paragraph 45 of the Complaint.

46. Deny the allegations in Paragraph 46 of the Complaint.

47. Deny the allegations in Paragraph 47 of the Complaint.

48. Deny the allegations in Paragraph 48 of the Complaint.

49. Deny the allegations in Paragraph 49 of the Complaint.

50. Deny the allegations in Paragraph 50 of the Complaint, except admit that Defendants did not "grant" Plaintiff Alvarez any breaks or meal periods because Plaintiff Alvarez was not an employee.

51. Deny the allegations in Paragraph 51 of the Complaint.

52. Deny the allegations in Paragraph 52 of the Complaint.

53. Deny the allegations in Paragraph 53 of the Complaint.

54. Deny the allegations in Paragraph 54 of the Complaint.

55. Deny the allegations in Paragraph 55 of the Complaint.

56. Deny the allegations in Paragraph 56 of the Complaint, except admit that Defendants did not purchase "tools of the trade" for Plaintiff Alvarez because he was not an employee.

*Plaintiff Leonel De Los Santos*

57. Deny the allegations in Paragraph 57 of the Complaint.

58. Deny the allegations in Paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Complaint.

60. Deny the allegations in Paragraph 60 of the Complaint.

61. Deny the allegations in Paragraph 61 of the Complaint.

62. Deny the allegations in Paragraph 62 of the Complaint.

63. Deny the allegations in Paragraph 63 of the Complaint.

64. Deny the allegations in Paragraph 64 of the Complaint.

65. Deny the allegations in Paragraph 65 of the Complaint.

66. Deny the allegations in Paragraph 66 of the Complaint.

67. Deny the allegations in Paragraph 67 of the Complaint.

68. Deny the allegations in Paragraph 68 of the Complaint.

69. Deny the allegations in Paragraph 69 of the Complaint.

70. Deny the allegations in Paragraph 70 of the Complaint.

71. Deny the allegations in Paragraph 71 of the Complaint.

72. Deny the allegations in Paragraph 72 of the Complaint.

73. Deny the allegations in Paragraph 73 of the Complaint.

74. Deny the allegations in Paragraph 74 of the Complaint.

75. Deny the allegations in Paragraph 75 of the Complaint.

76. Deny the allegations in Paragraph 76 of the Complaint.

77. Deny the allegations in Paragraph 77 of the Complaint.

78. Deny the allegations in Paragraph 78 of the Complaint, except admit that Defendants did not purchase "tools of the trade" for Plaintiff De Los Santos because he was not an employee.

*Defendants (Alleged) General Employment Practices*

79. Deny the allegations in Paragraph 79 of the Complaint.

80. Deny the allegations in Paragraph 80 of the Complaint.

81. Deny the allegations in Paragraph 81 of the Complaint.

82. Deny the allegations in Paragraph 82 of the Complaint.

83. Deny the allegations in Paragraph 83 of the Complaint.

84. Deny the allegations in Paragraph 84 of the Complaint.

85. Deny the allegations in Paragraph 85 of the Complaint.

86. Deny the allegations in Paragraph 86 of the Complaint.

87. Deny the allegations in Paragraph 87 of the Complaint.

88. Deny the allegations in Paragraph 88 of the Complaint.

89. State that Paragraph 89 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Deny the allegations in Paragraph 90 of the Complaint.

91. Deny the allegations in Paragraph 91 of the Complaint.

92. Deny the allegations in Paragraph 92 of the Complaint.

93. Deny the allegations in Paragraph 93 of the Complaint.

94. Deny the allegations in Paragraph 94 of the Complaint.

95. Deny the allegations in Paragraph 95 of the Complaint.

96. Deny the allegations in Paragraph 96 of the Complaint.

97. Deny the allegations in Paragraph 97 of the Complaint.

98. Deny the allegations in Paragraph 98 of the Complaint.

## FLSA COLLECTIVE ACTION CLAIMS

99. Deny allegations in Paragraph 99 of the Complaint, except admit that Plaintiffs purport to bring the action as stated.

100. Deny allegations in Paragraph 100 of the Complaint.

101. Deny allegations in Paragraph 101 of the Complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

102. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

103. Deny the allegations in Paragraph 103 of the Complaint.

104. Deny the allegations in Paragraph 104 of the Complaint, except admit that Defendant Relay is engaged in commerce, but deny that it is involved in the interstate

transportation of goods.

105. Deny the allegations in Paragraph 105 of the Complaint.

106. Deny the allegations in Paragraph 106 of the Complaint.

107. Deny the allegations in Paragraph 107 of the Complaint.

108. Deny the allegations in Paragraph 108 of the Complaint.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

109. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

110. Deny the allegations in Paragraph 110 of the Complaint.

111. Deny the allegations in Paragraph 111 of the Complaint.

112. Deny the allegations in Paragraph 112 of the Complaint.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

113. Realleges and incorporates its responses to all previous allegations contained in the Complaint.

114. Deny the allegations in Paragraph 114 of the Complaint.

115. Deny the allegations in Paragraph 115 of the Complaint.

116. Deny the allegations in Paragraph 116 of the Complaint.

117. Deny the allegations in Paragraph 117 of the Complaint.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW**

118. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

119. Deny the allegations in Paragraph 119 of the Complaint.

120. Deny the allegations in Paragraph 120 of the Complaint.

121. Deny the allegations in Paragraph 121 of the Complaint.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

122. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

123. Deny the allegations in Paragraph 123 of the Complaint.

124. Deny the allegations in Paragraph 124 of the Complaint.

125. Deny the allegations in Paragraph 125 of the Complaint.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

126. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

127. Deny the allegations in Paragraph 127 of the Complaint.

128. Deny the allegations in Paragraph 128 of the Complaint.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

129. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

130. Deny the allegations in Paragraph 130 of the Complaint.

131. Deny the allegations in Paragraph 131 of the Complaint.

## EIGHTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

132. Reallege and incorporate their responses to all previous allegations contained in

the Complaint.

133. Deny the allegations in Paragraph 133 of the Complaint.

134. Deny the allegations in Paragraph 134 of the Complaint.

### NINTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE
### NEW YORK LABOR LAW

135. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

136. Deny the allegations in Paragraph 136 of the Complaint.

137. States that the allegations in Paragraph 137 of the Complaint constitute legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the allegations.

138. Deny the allegations in Paragraph 138 of the Complaint.

139. Deny the allegations in Paragraph 139 of the Complaint.

139a. Deny the allegations in the unnumbered Paragraph found after Paragraph 139 of the Complaint.

### TENTH CAUSE OF ACTION
### VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE
### NEW YORK LABOR LAW

140. Reallege and incorporate their responses to all previous allegations contained in the Complaint.

141. Deny the allegations in Paragraph 141 of the Complaint.

142. Deny the allegations in Paragraph 142 of the Complaint.

### PRAYER FOR RELIEF

143. Deny that Plaintiffs and putative collective members are entitled to any of the relief requested in the Prayer for Relief clause, including subparts (a) through (t), or to any relief

at all, against Defendants.

## JURY DEMAND

144. Deny that Plaintiffs and putative collective members are entitled to a trial by jury.

## DEFENSES

Defendants assert the following defenses and/or affirmative defenses, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may also apply to the claims of some, or all, of the collective of allegedly similarly situated persons, if collective certification is granted.

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including, but not limited to, a claim upon which prejudgment interest may be granted.

2. Plaintiffs' claims, in whole or in part, are barred by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, contributory fault, and/or the applicable statute of limitations.

3. Defendants are not proper defendants because they are not "employers" within the scope of the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL").

4. Plaintiffs were properly classified as independent contractors during the relevant time periods, and, accordingly, were never entitled to wages or overtime pay.

5. Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

6. Plaintiffs and the putative collective members' claims are barred because Plaintiffs lacks standing to bring them. Collective certification is not appropriate because Plaintiffs' interests conflict with the interests of the putative collective.

7. Defendants' actions were not willful. No act or omission of Defendants that is

alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the NYLL and/or FLSA.

8. Plaintiffs' claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL.

9. Any actions that Defendants took were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the New York or federal Departments of Labor.

10. Plaintiffs' claims are barred to the extent they failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

11. If Plaintiffs succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their payment for services and/or beyond the time period compensable under the FLSA and/or NYLL.

12. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA and/or NYLL.

13. If Plaintiffs suffered any damages, such damages were proximately or legally caused by their own conduct and, accordingly, any award of damage must be reduced, in whole or in part.

14. Even if Defendants, in fact, failed to pay Plaintiffs for any of the activities alleged in the Complaint (which it has not), such activities were preliminary or postliminary to principal activities, de minimis, and/or do not constitute compensable work under the FLSA and/or NYLL, and/or such activities were not an integral and indispensable part of the Plaintiffs' principal activities and are not compensable.

15. At all times, Defendants made complete and timely payments of all payments due to Plaintiffs under Article 6 or Article 19 or Article 19-A of the NYLL.

16. At all times, Defendants reasonably believed in good faith that they provided Plaintiffs with adequate notice of pay information pursuant to NYLL § 195

17. Plaintiffs' claims for spread-of-hours premium pay may not be maintained to the extent that they were paid for their services in excess of amounts required under the NYLL.

18. Neither liquidated damages nor attorneys' fees may be awarded under NYLL § 198 on a claim for spread-of-hours pay or unpaid gratuities because spread-of-hours pay and gratuities are neither wages nor wage supplements.

19. To the extent discovery reveals that Plaintiffs falsely reported hours and/or tips, and there is no evidence that Defendants knew or should have known that they were providing false information regarding their hours and/or tips, Defendants hereby invokes the doctrine of estoppel to bar their claims.

20. Plaintiffs' claims fail to the extent that after-acquired evidence bars their entitlement to relief.

21. Plaintiffs are not entitled to a jury trial because they waived such right when they signed a Technology Services Agreement with Defendant Relay.

22. Plaintiffs are precluded from litigating the claims asserted in the Complaint in this Court because they signed a Technology Services Agreement, which contains enforceable

arbitration provisions. Plaintiffs did not make a demand to arbitrate their claims prior to filing the instant lawsuit.

23. Plaintiffs are precluded from litigating the claims asserted in the Complaint on behalf of a putative collective because they signed a Technology Services Agreement, which contains enforceable collective action waivers.

24. Plaintiffs cannot meet the threshold/jurisdictional requirements of the FLSA, because Defendant Relay did not have the statutorily required number of employees, gross revenues, or both. This Court does not have subject matter jurisdiction over this lawsuit.

25. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

26. In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action.

**WHEREFORE,** Defendants request judgment against Plaintiffs with respect to their claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this the Court may deem just and proper.

Date: January 7, 2019
      New York, New York

           *s/ Christine Hogan*
           Christine L. Hogan
           Andrew M. Spurchise

           LITTLER MENDELSON
           A Professional Corporation
           900 Third Avenue
           New York, NY  10022.3298
           212.583.9600
           clhogan@littler.com
           aspurchise@littler.com

           *Attorneys for Defendants*